CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 16 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:05CR00041-4 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WENDY L. BURTON, | ) | |
| | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Superseding Indictment charging defendant in Count One with knowingly and intentionally combining, conspiring, confederating and agreeing with persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, and 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, also known as cocaine powder, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846; in Counts Four and Nine with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1); and in Count Thirteen with knowingly possessing a firearm, which firearm had been shipped or transported in interstate commerce, the defendant then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section

802, all in violation of Title 18, United States Code, Section 922(g)(3).

On June 5, 2006, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts One and Thirteen of the Superseding Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss the remaining counts of the Superseding Indictment upon acceptance of plaintiff's guilty plea.

At this hearing the defendant was placed under oath and testified that her full legal name is Wendy L. Burton, that she was born on September 7, 1971, and that she graduated from high school. The defendant stated that she can read, write, and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug. Defendant stated that she had no other physical or mental condition which impaired her ability to understand the nature of the proceedings being held.

The defendant testified that she had received a copy of the Superseding Indictment pending against her and that she had fully discussed the charges therein, and her case in general, with her counsel. She also testified that she had read the plea agreement in its entirety and had discussed the plea agreement with her counsel before signing the agreement. She stated that she understood the terms of the agreement and that the document presented to the court set forth her agreement with the government in its entirety. The defendant specifically testified that she understood that under the terms of the agreement she was waiving any right to appeal or to collaterally attack her conviction or sentence and that she was waiving her right to have a jury determine beyond a reasonable doubt the facts alleged in Counts One and Thirteen, including any facts related to sentencing. Defendant's counsel stated that he had reviewed each of the terms of the plea agreement with the defendant and

2

was satisfied that she understood those terms.

The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in her agreement with the government, or made any assurances or threats to her in an effort to induce her plea. The defendant testified that she understood that the offenses with which she is charged are felonies and that, if her plea is accepted, she will be adjudged guilty of those offenses. Moreover, the defendant testified that she understood that she will be required to pay a mandatory assessment of $100 per felony count, and that at the discretion of the court, she may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), for a period of years or indefinitely, as set forth in the plea agreement. The defendant acknowledged that she consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from her possession or from her direct or indirect control. The defendant further acknowledged that she consented to forfeit any right, title and interest she has in assets purchased with proceeds of her illegal activity, directly or indirectly and that such a forfeiture of property is proportionate to the degree and nature of the offenses she committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that she was waiving her right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant stated that she understood that she must submit to the government a complete and truthful financial statement revealing all her assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant also testified that she was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to

request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of her case.

The defendant was informed that the maximum possible penalty provided by law for Count One is life imprisonment without the possibility of parole and a $4,000,000 fine, together with supervised release. The defendant was also informed that the minimum mandatory sentence for Count One is ten years imprisonment. The defendant was informed that the maximum possible penalty provided by law for Count Thirteen is ten years imprisonment and a $250,000 fine, together with supervised release.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in her case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report had been prepared and both parties had been given an opportunity to challenge the reported facts and the application of the guidelines. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney has given her and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that she understood that, contingent upon her acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of her duties under the plea agreement, the government will recommend a two-level (2) reduction in her offense level under USSG § 3E1.1(a) for acceptance of responsibility, and because she meets the listed criteria, she should be granted an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant was informed that for purposes of USSG §§ 2D1.1 and 1B1.3, she will be held responsible for at least 35 grams but less than 50 grams of cocaine base. The defendant was informed that the government will recommend that she receive a sentence of incarceration at the low end of the applicable sentencing guidelines range and that the government will object to any motion for downward departure that she might make. The defendant also stated that she understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, she must provide such assistance in a manner set forth in the plea agreement. The defendant stated that she understood that a determination as to whether she had provided "substantial assistance" was a matter within the discretion of the United States Attorney's Office. The defendant also stated that she and the government had agreed that for purposes of the plea agreement a maximum of four points could be added to or subtracted from her sentencing level based upon her role in the criminal activity. The defendant testified that she understood that she and the government had agreed that her base offense could be decreased by two levels based upon her role in the offense. The defendant stated that she knew that parole had been abolished and that if she is sentenced to prison she will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that she understood that she had the right to a trial by a jury, in

5

Case 3:05-cr-00041-NKM-BWC   Document 141   Filed 06/16/06   Page 5 of 10   Pageid#: 266

addition to the following rights, which will be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove her guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless she voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of the charges against her, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant testified that she understood the possible consequences of her plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept her plea of guilty to Counts One and Thirteen of the Superseding Indictment.

**THE GOVERNMENT'S EVIDENCE**

The government has provided a Factual Summary to which defendant did not object.[1] The evidence presented therein regarding the offenses charged is as follows:

Investigators received information that defendant, Kevin Allen, Kenneth Allen, and others were involved in a conspiracy to distribute cocaine base and cocaine hydrochloride in Charlottesville, Albemarle County and elsewhere. The conspiracy operated from at least some time in 2004 until at

---

[1]The government's agent testified at the hearing. A Factual Summary was subsequently provided by the government to substitute for the agent's testimony.

6

least in or about February 2006. Eric Washington was one of the primary sources of the drugs used to supply this conspiracy. (Norman Bell a/k/a "Muggy" Bell had supplied powder to Kenneth Allen and Paula Hubbard in the past). While Washington provided powder cocaine, most of this cocaine was converted into crack. Washington knew that a large amount of the powder was being so converted. Washington supplied directly to Kenneth Washington and Paula Hubbard. Kenneth Allen and Hubbard, who had a romantic as well as business relationship, distributed to others, including Kenneth Allen's brother Kevin Allen, a/k/a "Slim, and the drugs made their way eventually to defendant and others. Other individuals, who have not been charged federally, were involved in this conspiracy, including Omar Moore (who sold drugs for Kevin Allen and was charged by the state).

This conspiracy was responsible for the distribution of multiple kilograms of crack and multiple kilograms of powder cocaine. Kenneth Allen is responsible for 1.5 kilograms or more of cocaine base being distributed or possessed with intent to distribute during this conspiracy; Kevin Allen is responsible for at least 500 grams but less than 1.5 kilograms of cocaine base during this conspiracy; and defendant is responsible for at least 35 grams but less than 50 grams of cocaine base. Although Washington supplied mostly powder cocaine, the majority of the drugs was distributed as crack cocaine. Members of the conspiracy cooked powder cocaine into crack cocaine. Members of this conspiracy used houses and hotels in the area to sell drugs including houses at 716 Park Street and 939-E Henry Avenue (defendant's home) in Charlottesville, and various hotels in Charlottesville and Albemarle County, including the English Inn, Holiday Inn, Red Carpet Inn, and Fairfield Inn. At times during the conspiracy, Kenneth Allen and Paula Burton lived at the Park Street house. Drugs were sold and powder cocaine was converted to crack at this house. Defendant was a tenant at the house at 939-E Henry Avenue. Defendant was a drug user who allowed people to sell from her home in exchange for

7

crack. Kevin Allen sold drugs, in large part, at this house.

Controlled buys were made from defendant, Kevin Allen, and Kenneth Allen. A search warrant was executed at a room at the English Inn on or about July 21, 2005. Prior to the execution of the warrant, investigators conducted a controlled buy of crack from Kenneth Allen at the same hotel room. Kenneth Allen and other individuals were present when the warrant was executed. Investigators located an occupant by a toilet that had just been flushed; a crack stem remained in the toilet bowl. Kenneth Allen had more than $2000 in his wallet, which included some of the buy money from the recent controlled buy. Investigators recovered more than $3000 from a bag on a sofa. Among other items recovered during the search were approximately 182 grams of cocaine hydrochloride; approximately 2.4 grams of cocaine base, small quantities of heroin and marijuana, as well as scales, baggies, coffee pots and other glass items that appeared to have cocaine residue, and other evidence. During another search conducted pursuant to a search warrant that was executed at the Henry Avenue (defendant's) home, in response to an investigator's questions concerning the presence of any guns, defendant directed the investigator to a Ruger Standard Model caliber 22 pistol, serial number 12-28857, which was recovered in the same bedroom that defendant was in. Defendant told investigators she had taken the gun from a man who had threatened to kill himself. The gun was not manufactured in the Commonwealth of Virginia and thus affected interstate commerce.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

8

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Thirteen of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts One and Thirteen of the Superseding Indictment and adjudge her guilty of those offenses. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for September 6, 2006 at 10:15 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned

with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

6-16-06
Date